## THIRD SAVINGS & LOAN CO v LIBBEE et

Ohio Appeals, 2nd Dist, Miami Co

No 283. Decided May 25, 1932

Berry & McCulloch, Piqua, for plaintiff. W. A. Haines, Troy, and Lucas & Keating, Columbus, for Don B. Root, doing business as Root Lumber & Coal Company.

**BY THE COURT**

Did the lower court have authority to open up the default at a subsequent term and under the circumstances disclosed by the record?

In brief it appears that Don B. Root doing business as Root Lumber & Coal Company was made a party defendant in the proceedings and that the answer day in such proceeding was October 18, 1930; that on November 6, 1930 the plaintiff took a judgment in which it was found that Don B. Root and various other persons were in default for answer, demurrer or other pleading and that the allegations of the petition were therefore confessed by them to be true. The judgment entry further provided that the plaintiff recover from the defendants, Clifford E. Libbee and his wife on their promissory note the sum of $4926.70 with interest; that plaintiff had a good and valid lien on the premises described in the petition to secure the said note with the usual provisions for foreclosure and sale of the premises, etc. This judgment did not undertake to fix any priorities.

On December 20, 1930 Don B. Root, etc., filed an answer and cross petition. This cross petition was filed without leave of court. Subsequently, on October 14, 1931 the entry of the court among other things contained the following:

"Said cause coming on further to be heard upon the application of Don B. Root doing business as Root Lumber & Coal Company for leave to file his answer and cross petition herein and upon due consideration said judgment and finding heretofore entered by the court as to the default of said defendant, Don B. Root doing business as Root Lumber & Coal Company is opened up and leave is hereby granted said Don B. Root to file his answer and cross petition forthwith which is accordingly done."

To this finding and judgment of the court no exception was taken by plaintiff.

The questions raised by counsel for plaintiff are based upon the action of the court in opening up the default as against Don B. Root, etc., and allowing him to file an answer and cross petition as of the date in question.

We have carefully considered the briefs which have been filed by counsel and without attempting to quote in detail from the decisions and sections of the Code so cited, we are of opinion that the court had authority to open up the default in question and allow an answer and cross petition to be filed by the Root Lumber & Coal Company. We do not think under the authorities a judgment merely finding a default constitutes such a final order as would preclude the trial court during further proceedings in the case from opening up the default and allowing an answer and cross petition to be filed and the question of priorities heard and determined upon the merits. We base our finding not upon the failure of counsel for plaintiff to reserve exceptions to the order of the court but upon the inherent right of the court to allow the answer and cross petition to be filed at the time it was filed.

We are of opinion that the court did not abuse its discretion in so doing. Finding no error in the record which we consider prejudicial to plaintiff the judgment of the lower court will be affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.