**DAYTON MORRIS PLAN BANK, Plaintiff-Appellee v. GRAHAM, Defendant-Appellant, RIORDAN, Trustee, et., Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1735. Decided March 22, 1943.

Irvin Carl Delscamp, Dayton, for defendant-appellant, Anna E. Graham.

Smith, Schnacke & Compton, Dayton, for Thomas P. Riordan, Trustee, defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from an order of the Common Pleas Court overruling motion of defendant, Anna E. Graham, of date March 28, 1942. The motion was,

"to set aside and vacate an entry of date Feb. 11, 1942, overruling certain motions and rendering judgment and ordering sale, * * *, in favor of one Thomas P. Riordan, Trustee, and to set aside, vacate, and to hold null and void all proceedings had in this cause with reference to the co-defendants, * * *, and Thomas P. Riordan, as Trustee, since the 7th day of March, 1936, for the reason that after the January term, 1936, the Court had no jurisdiction and was without power to hear and determine any matters thereafter, pertaining to these defendants, excepting the sale of the premises for and on behalf of said plaintiff, by any other proceding than those provided for by §11631, et seq., GC.

Second, defendant Thomas P. Riordan's attempt to open up default on Nov. 17, 1938, was not in accordance or compliance with the statutes of the State of Ohio."

On Nov. 6, 1935, plaintiff instituted its action against defendant, Anna E. Graham, and other defendants, among whom was Thomas P. Riordan, as Trustee. The first cause of action was for money due on a promissory note signed by Anna E. Graham, payable to the plaintiff. The second cause of action was for foreclosure of a mortgage on certain described real estate securing said note. The petition averred that "the defendant Riordan, as Trustee, may claim some interest in said real estate by virtue of a judgment against said de-

fendant, Anna E. Graham, obtained in case No. 7750, upon the dockets of the Common Pleas Court of Montgomery County, Ohio." Defendants, Anna E. Graham and Riordan, as Trustee, entered appearance by waiver of summons.

On March 7, 1936, a judgment was entered on behalf of the plaintiff and against the defendant, Anna E. Graham, on its note, finding the conditions of plaintiff's mortgage to have been broken, that said mortgage was a subsisting first lien upon the real estate and ordering foreclosure of said mortgage. An order of sale of the premises was decreed under the statute. The judgment entry further recited that defendants, among whom was Riordan, Trustee, had waived the issuance and service of summons, voluntarily entered their appearances and "are all in default for answer, motion, or demurrer * * *."

On April 27, 1936, the first order of sale of the premises was issued. Thereafter, many alias orders of sale were issued upon the judgment of the plaintiff. While one of these orders of sale was effective, date for sale fixed and advertisement had, defendant Riordan, as Trustee, probably by oral application because written application does not appear, moved to open up the default of said defendant and for leave to file answer immediately. An entry sustaining this motion was filed of date Nov. 7, 1938, and on the same day the defendant filed his answer in which he averred that, in Case No. 7750, Court of Common Pleas, Montgomery County, Ohio, defendant, as Trustee, recovered a judgment against defendant, Anna E. Graham, in the amount of $3451.92 with interest, that said judgment is still in full force, wholly due and unpaid, and is and has been a lien on the premises described in plaintiff's petition from July 16, 1935, and that on Nov. 4, 1938, execution on said judgment was issued against the premises and returned wholly unsatisfied. That the mortgage of the plaintiff and certain taxes against the real estate described in the petition are the only existing prior liens to the judgment lien of defendant, Riordan, as Trustee. The prayer of the cross-petition of Riordan, Trustee, was to decree his judgment to be a lien against the real estate described in plaintiff's petition, determine its priority, and that out of the proceeds of the sale defendant's lien be paid in the order of priority to which it is entitled. Thereafter, of date Feb. 13, 1940, an entry was spread on the record wherein it was recited that Riordan, as trustee, having made application for an order of sale of the premises and it appearing that plaintiff has not caused such premises to be sold, * * *, it is ordered adjudged and decreed that the premises be sold upon defend-

ant, Riordan's, as Trustee, application and an order of sale be issued, etc.

On March 19, 1940, Anna E. Graham, by counsel, moved to set aside the foregoing order of sale and to strike from the files all proceedings as to said order for four assigned reasons,

1. That the order was issued without full disclosure of the facts.

2. That the order was granted more than two years after the judgment was rendered in favor of the plaintiff in which cause all issues were defintely litigated.

3. That in the proceedings instituted by the plaintiff, Riordan, as Trustee, entered his appearance, failed to plead any claim in said cause, and that by reason of said failure is now barred.

4. That although defendant, as trustee, by his answer asks for affirmance relief against defendant, Anna E. Graham, he has failed to serve her with summons or other notification that such relief is sought.

Another motion of same date and of like import was filed by Anna E. Graham.

The Court passing upon the motions held that defendant, Anna E. Graham, was not accorded an opportunity to defend against the claim of the defendant, Riordan, and for that reason her motion would be continued for further hearing and she was ordered to file an answer within five days and the order of sale of the real estate was continued. Defendant, trustee, only, excepted to the order.

Thereafter on March 29, 1940, defendant, Graham, answered setting up a denial of indebtedness to the defendant in any amount and the further defense that the pretended deficiency judgment is wholly unfounded and false.

On Feb. 4, 1942, the Court entered an order finding that defendant Riordan, as Trustee, has a judgment as set up in his answer and finds that said judgment is a lien against said premises described in the petition. The Court then specifically overruled the motions of defendant, Anna E. Graham, to strike the answer of Riordan, Trustee, from the files and to vacate and set aside the order of sale heretofore issued upon the application of Riordan, Trustee, and issued a new order of sale of the premises described in the petition as upon execution. Later, and of date March 28, 1942, the motion which we have heretofore set forth was filed by defendant, Graham, and it is the action upon this last motion which is challenged by these proceedings in error.

The brief of appellant states that three questions are pre-

156

sented by the appeal which, in our judgment, may be reduced to one question, namely, did the Court have jurisdiction to enter the order decreeing the judgment of Riordan, Trustee, to be a lien on the premises described in the petition, inasmuch as this order was made at a term subsequent to the judgment entry on behalf of the plaintiff and against the defendant, Graham, in which entry it was recited that the defendant, Riordan, as Trustee, was in default for any pleading. This Court is committed to an affirmative answer to this question because of our adjudication in **Third Savings and Loan Co. v Libbee, et al., 12 Abs 300.** This case is strikingly in point as the default was opened up on oral application of a defendant at a term subsequent to that in which the plaintiff took a judgment. In both cases, it may be noted that the preceedings instituted for judgment and sale of premises had not been concluded, although judgment entries prior to the confirmation of sale had been entered of record.

By force of the foregoing proceedings which we have somewhat fully stated, it will appear that defendant-appellant, Graham, is remanded to the narrow question of the jurisdiction of the Court to enter any judgment opening up the default of defendant-appellee, Riordan, Trustee. If the Court had jurisdiction to make the order complained of, it was a final order which is unreversed and unmodified and the time within which appeal could be prosecuted from such order has elapsed. We have no doubt of the jurisdiction of the Common Pleas Court to make the order complained of and to open up the default, even though there may have been some question as to the correctness of the order at the time that it was challenged by the first motions to vacate.

It is recognized that, generally speaking, the court has full power by inherent right to open up to its judgments during term but that to vacate a judgment after term appropriate proceedings should be instituted under §11631 GC. In this case, no ground under §11631 GC was set up for the vacation or modification of the original judgment. Notwithstanding this failure, the defendant, Graham answered and set up a defense, and the Court thereafter adjudicated this defense against her.

The Court, having jurisdiction of the parties and the subject matter, had authority to make the order complained of and if it was erroneously entered to the prejudice of defendant, Graham, her remedy was an appeal from the order of which she complained.

Further observation might be made respecting the right of defendant, Riordan, Trustee, to have an adjudication upon his cross-petition against defendant, Graham. The default found against defendant, Riordan, Trustee, was upon the cause of action stated by the plaintiff and not upon any issue drawn between the defendant, Riordan, Trustee, and defendant, Graham.

No issue was made by the plaintiff against the defendant, Riordan, Trustee, upon his default and his claim was asserted at a time when the court could by proper and orderly procedure determine the nature and extent of liens against the property described in the petition. The suit of defendant, Riordan, Trustee, was to assert a judgment lien and in rem.

The facts developed upon this record present many interesting legal questions, none of which, however, was discussed by counsel because the claim of appellant was that the Court had no jurisdiction to enter the order to which the motion was directed.

The judgment will be affirmed.

BARNES, P. J., and GEIGER, J., concur.